■ RICHARD BANKS, Appellant-Respondent, v LAURENE BANKS, Respon-

dent-Appellant.—Motion, insofar as it seeks to vacate the order of this court of March 22, 1979, which stayed enforcement of the order of the Supreme Court, New York County, dated February 7, 1979, is granted. In view of our decision to continue the provisions of the order as an interim matter, we see no reason to continue the stay of the purge order. Motion, insofar as it seeks reargument of the order of this court determining the parties' cross appeals, is granted to the extent of withdrawing the order of March 22, 1979 and the memorandum decision filed therewith and substituting a new order and memorandum decision therefor, as follows: Judgment, Supreme Court, New York County, entered September 1, 1978, granting a dual divorce, denying alimony, fixing counsel fees and disbursements, providing for custody, visitation and support and conditions thereto, is unanimously modified, on the law, so as to strike the decretal paragraphs Nos. 4, 5, 6, 7, 8 except as to the denial of alimony, and decretal paragraph No. 9 except as to the grant of counsel fees, and the judgment is otherwise affirmed, and the case is remanded for a hearing and findings with respect to all matters which are the subject of the enumerated decretal paragraphs, including plaintiff's income and expenses, the desirability and feasibility of the plan for custody, support, and possession and occupancy of the marital home, and as to allowed and disallowed disbursements. The terms of the present arrangement embodied in the judgment including the arrangements specified in the stricken decretal paragraphs are however to continue in effect as an interim arrangement subject to further order of either Special Term or this court. The appeal and cross appeal from the order entered May 31, 1978, are dismissed as moot; and the appeal from the order entered September 28, 1978 is dismissed on the ground that an order denying reargument is nonappealable. No costs or disbursements are awarded to either party. This was a bitterly contested matrimonial action in which the trial court saw fit to grant dual divorces. The trial court went to great pains to plan positively for the benefit of the children; however, the court's plan for the liquidation of the marriage does not determine all related issues and is subject to frustration by defendant's refusal to comply with the conditions it imposes on her "sole custody" and "exclusive occupancy," or, on the other hand, by the plaintiff's lack of funds. On this record this court cannot judge the propriety of the arrangement. The plaintiff claims the financial arrangement to be unfeasible, and, indeed, there has been no finding that plaintiff's resources were understated or his expenses overstated. This is a proper subject for further and fuller exploration because, although this court might perhaps approve such a "child centered" plan, it can only work if plaintiff has sufficient funds. There should be evidence as to plaintiff's ability to support this plan presented to the trial court, and findings should be made as to the plan's desirability as well as economic feasibility. The court on remand can also take that opportunity to explore the legal disbursements that should be allowed to defendant. We see no basis to disturb the grant of dual divorce, the denial of alimony or the fixing of counsel fees; we affirm those portions of the judgment and these matters should not be the subject of inquiry upon remand. Concur—Murphy, P. J., Fein, Markewich and Silverman, JJ.